UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| VINCENT P. WATTS # 210927 ) | |
| ) | |
| v. ) | NO. 2:09-CV-26 |
| ) | |
| WASHINGTON COUNTY DETENTION ) | |
| CENTER MEDICAL DEP'T ) | |

## MEMORANDUM and ORDER

Vincent P. Watts, an inmate in the Little Sandy Correctional Center in Sandy Hook, Kentucky, brings this *pro se* complaint under 42 U.S.C. § 1983, seeking monetary relief for the alleged denial of medical care while he was housed in the Washington County Detention Center [WCDC].[1] Plaintiff is **ASSESSED** the civil filing fee of $350.00 under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly

---

[1] According to the face of the complaint, plaintiff is presently confined in the Kentucky prison, but the envelope in which it was mailed lists his return address as P.O. Box 97, Jonesborough, TN 37659 [the address of the WCDC] and bears this imprint: "Writer is an inmate in the Washington County Detention Center...." [Doc. 3 and Attachment # 1].

> deposits to plaintiff's' inmate trust account;
>
> or
>
> (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint on February 23, 2009.

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office.[2] *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the custodians of inmate accounts at the Little Sandy Correctional Complex and, because of the apparent conflict as to plaintiff's present address, at the WCDC also.

The "Statement of Claim" section of plaintiff's complaint reads, in its entirety:

---

[2] Send the payments to:

> Clerk's Office, United States District Court
> 220 West Depot Street, Suite 200
> Greeneville, Tennessee 37743.

> "Have all of the dates and the people who are involved documented. Wasn't allowed to bring anything with me from prison[.] I will mail them to you when I get returned to prison after my court date. I have several pages to send about this whole case.
>
> March 9, 2008, I was throwing up at 10:00 am reported it but didn't get to go to medical untill [sic] after 7:00 pm because women prisoners were doing weekends in jail in the medical dept. Finally when I was taken to medical one hour later I was transported to Johnson City Medical Center where I was admitted into the hospital in I.C.U. for 4 days and an additional ten days in recovery after surgery. Still have ongoing medical problems because I was denied medical attention for so long[.]" (Compl., ¶ IV).

The Court is required to screen the complaint to determine whether it is frivolous or malicious; fails to state a claim; or names defendants who are immune and, if it meets any of these criteria, to dismiss it. 28 U.S.C. § 1915A and § 1915(e).

First of all, the sole defendant in this action is the Washington County Detention Center Medical Department. Plaintiff, however, has no viable claim against this defendant since it is a non-suable entity and not a "person" within the terms of § 1983. *See Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Hix v. Tennessee Dept. of Corrections*, 196 Fed. Appx. 350 *355 (6th Cir. Aug. 22, 2006) ("[W]e conclude that the defendant medical departments are not "persons" under § 1983.").

Secondly, the Eighth Amendment is violated when a prison official is deliberately indifferent to an inmate's serious medical needs. *Estelle v. Gamble,* 429

U.S. 97, 103 (1976). Because plaintiff has not submitted the necessary information concerning his medical condition or the identity of the person(s) whom plaintiff intends to sue, the Court cannot perform the screening process to determine whether the case should be dismissed or proceed.

Accordingly, unless, within thirty days from the date on this order, plaintiff provides or advises the Court as to the date he will be able to provide the missing information, the Court will assume that no further information exists and will dismiss this case for want of prosecution.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE